# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

CHAD MARUSAK
Plaintiff

4:21 CV- 475- P

Civil Action No.

SEMA CONSTRUCTION, INC.
Defendant

## COMPLAINT

Attached:

\* Attach additional pages as needed.

Date: 5-7-2021

Signature / Print Name: *Chad Marusak*

Address City, State, Zip: Chad Marusak, 404 N. AVE F, Olney Tx 76374

Telephone: 817-323-4103

PAGE 1 OF 5

I.   STATEMENT OF FACTS

-Plaintiff is offered a position at Sema Construction, Inc to labor on Federal, State contracted jobs and told of special permit and licensing requirements on or around Feb 12 of 2019. Plaintiff also discusses prior back injury from 1993 regarding concerns of working with or around Heavy Civil Equipment during employment hiring process. Plaintiff then is hired to drive a CMV "Side Dump" and the told to start (Plaintiff does not recall exact day and time) employment. Plaintiff is then asked to consider a new position of 23.00 dollars an hour as "Field Truck Driver 4" which did require additional special licensing from the State as well.

Plaintiff did agree to position after further discussion and again addressing his concerns of back injury.

Plaintiff did address the offer and position being offered by defendant while obtaining new certification for the job qualifications. Plaintiff does work until injured on March 06, 2019 at or around 10 AM without assistance even though impaired from 1993 as prior record will show. Plaintiff alleges that on March 06,2019 Plaintiff does suffer a serious injury (Severe Tearing R.-K, L Meniscus) causing serious mobility issues from 2019 and lasting into early 2021. Plaintiff alleges in March-April 2019 Plaintiff asserts he did successfully obtain all additional/special licensing and then shortly after suffers demotion.

Plaintiff alleges he is replaced by Defendant new hire choice (Thomas)after being told Plaintiff could not do his job by Defendants, no further explanation given to Plaintiff afterwards. Plaintiff alleges that Thomas were 24-33 years of age by direct appearance. Plaintiff alleges the Defendant viewed Plaintiff in light of or," regarded as", having a "Injury" which caused difficulty with life functions. These include walking, driving and climbing, standing, sitting or bending, caring for oneself (shower, facilities, dressing as well) and working on any project or task. Plaintiff did suffer and does have an impairment rating with prior record from 1993 of an impairment/disability. Plaintiff states to be currently awaiting historical medical record to be delivered for presentation to the courts. In April-May of 2021, plaintiff at the age of 49, did receive a second disability rating (MMI process incomplete at this time by Work Comp) from injury suffered in March of 2019.This is in addition to qualifying for the position and then being replaced by a younger person at more than 10-15 years my youth by defendant. Since Plaintiff suffered an" Injury" the Defendant has criticized, patronized, harassed, stalked (2+ incidents recorded) all since suffering a new disability. Plaintiff does believe his Civil Rights, Liberties (Right to Privacy) and First and Fourteenth Amendments have been violated. Plaintiff believes he has exhausted all state remedies prior to commencement with a "Right To Sue" in hand provided by the EEOC after many complaints have been filed since 2019,2020 and 2021. The plaintiff states from March 6, 2019 to January 6 of 2021 while being issued a Right to Sue on two separate occasions, the EEOC does add,

"Retaliation" and," Continuing Action" per EEOC intake after suffering a breach of personal information in October 2020. Plaintiff does allege being blocked from Personal information for Portal of Defendant in 2019.

Plaintiff (Ref. TITLE VII 544 USC at 235,29USC 623, compared to 42 USC 2000e-2(a)(2)

Plaintiff alleges that Defendant actions are violations of the following: The ADA of 1990, Title I and Title V - (42 USC 12101), ADAAA-Disability Amended (2008), ADEA of 1967, Rehab Act of 1973(29 USC 701) and including to suggest violations of his First (Petition)and (ADEA)Fourteenth Amendment Rights.

Plaintiff also alleges of being harassed and stalked all while suffering retaliation from a negative work environment for up to 1.5-1.8 years as mentioned. Plaintiff has stored electronic data from texts to include call logs showing 4-7 incidents of unwanted electronic communications from Defendant. Plaintiff alleges .

Defendant chose to withhold Plaintiffs final pay for up to two weeks after termination. Plaintiff also alleges to receiving unwanted, sarcastic and belittling communications when plaintiff was to inquire of his final pay owed. Plaintiff alleges to have received 20.00 from benefit plan after termination in place of his last pay. Plaintiff also alleges to be told, "Can't do your job" and" 1--10w is the Knee" by Defendant up until July,01 2019. Plaintiff alleges to have suffered harassment and stalking from Defendant for to I .5 to I .8 years after being terminated. Plaintiff does raise question of Continuing Action Violations resulting within employment and lasting until October2020.Which did cause other complaints to be filed with TWC-CRD and the EEOC since 2019.

Plaintiff also alleges another occurrence of harassment creating a stalking inquiry which did occur while Plaintiff addressed previous EEOC charges and complaints filed in 2020 against Defendant(s).
(FRCP 26) Plaintiff concerns are: Defendant Sema Construction, lnc. has retained counsel and they possess prior knowledge of Pro Se Plaintiffs current complaint from its beginning and this knowledge were obtained in 2020. Plaintiff states to have personally observed Defendant counsel obtain case knowledge in 2020 during another proceeding. Which were mistakenly submitted by Plaintiff (then removed 2020) in proceedings but were obtained in part or full by defendant as required within FRCP rules in another (pending) proceeding. Plaintiff alleges receiving an apology from Defendant's attorney addressing one of many incidents of unwanted communications from Defendant further causing plaintiff unrest, aggravation. Only causing Plaintiff to view defendant as unreasonable and uncooperative and further threatening to the mental and physical wellbeing of Plaintiff who had suffered an "injury" while already being "regarded as" impaired or disabled under the ADA or ADEA.

- Plaintiff were injured on March 06,2019 suffering a severe injury while also coerced to finish the day as previously assigned even though within the definition of," regarded as" disabled or impaired or" Injured."
- Plaintiff reports to Hospital ER for inspection and treatment on March 7,2019 early AM with complaints of inability to walk or stand requiring wheelchair to move freely, then released from treatment facility and removed from work duty until March 08,2019. Defendant notified shortly after release as requested by Defendant.
- Plaintiff then coerced by Defendant to labor while on doctor restrictions March 07,2019 and then asked of condition for weeks to come until demoted from a position in which he qualified for. March of 2019.April-May of 2019. Then to be replaced by younger new hire by Defendant choice and to further inquire of Plaintiff "Injury" or "Disability".
- Plaintiff also alleges Violation of the 1st Amendment. Defendant upon receipt of filed complaint on or around June 25 2019 (text copy-screenshot) with Work Comp/TDI-Texas by Plaintiff, Plaintiff is relieved of his duties and employment on June 26 2019 in the early AM hours. Plaintiff missed the 24th (approved)and 29 as Plaintiff could not function or move around due to injury. Defendant stated reason to support his reaction such as being late by a few minutes and that plaintiff cannot miss work. Then offers job back to Plaintiff stating, "I can work you". Plaintiff did miss the 24th and 25th of this same week due to injury and inability to walk or maintain proper upright balance. Plaintiff responds to Defendant statement and is met with aggressive and sarcastic remarks expressing intolerance. • Plaintiff states to have contacted the TWC-CRD and the EEOC in 2020 and 202 Ito pursue stalking and or harassment charges and to further address a hostile work environment were created and provided to the Plaintiff prior to termination and after demotion.

## II.  CAUSE OF ACTION

The defendant violated my Rights and had prior knowledge of Plaintiff having such a disability or impairment. The defendant also violated numerous statutes and in many areas of Law that do protect and secure placement for qualified, capable persons while securing Rights and Liberties all while assuring that ANY employee be made not available to discrimination during and post-employment. Many protections and assurances protect and are upheld by the ADA Title 1 and V, ADEA (1967) as amended (2008),29 USC CH.14 section 621-629.630.631-633.First (Private Employers and Employee Opposition as Private Employers) Amendment and The Fourteenth (Due Process-Fairness, Right to Privacy, Amendments. Also assuring that any have by right to government redress without interference. The Defendant has violated many codes, statutes as the plaintiff has shown that pertain to only his situation and experiences from March 6,2019- January of 2021.Over this time, the Defendant made choices considered stalking and/or harassment that is and can be defined accurately within criminal law and that do explain a current experience of the Plaintiff since 2019. See ex: EEOC V. Carolina Veneer Corp as," unquestionably retaliatory in nature." Aside from this, the laws and statutes that apply to Plaintiff's situation as incidents or improbable coincidences without Plaintiff describing

the Defendant ive Documents never Filed 05/07/21 per Page 4 of a 9 impairment even though qualified prior to demotion and termination. The Defendant's actions show to be solely directed at the Plaintiff as he were" regarded as" disabled or impaired (useless)after further being defined as incapable then only to be demoted by defendant choice with," you can't do your job". Plaintiff will show the court Plaintiff does and has met the threshold of disability or age discrimination all while being made available to more workplace hostility even though qualified and certified. The Post employment harassment started with sarcastic texts and that were offensive to the Plaintiff regardless of Defendants intent or Investigative attempts after the fact. Plaintiff shares this as I have not reason and the defendant has no legal reason to keep a line of communication open for 1.8 years after demoting and terminating the Plaintiff after stating he could not do his job. This conduct continued and further created violations for the Plaintiff to tolerate, endure and carry into postemployment all while suffering an" Injury" then being subject to a Personal breach of information all while at the hands of the Defendant. Plaintiff also alleges that Defendant inquired continuously to Plaintiff regarding "Injury", "Disability" that occurred in March 2019 only to Fail on reporting this injury until after terminating the Plaintiff. Plaintiff DID report a Work Comp claim and defendant were notified at or around June 25 of 2019.The following day the Plaintiff were terminated for the first time at satisfaction of the Defendant stating, you have to go or you gotta go.

- Title VII -EEOC-ref: Contents of complaint OFCCP complaint no. 100300601 as amended (Section 503) OFCCP transfer to EEOC from the Office of Federal Contract Compliance Programs

- Please see Texas code: PC 646.9(A) Stalking and Harassment, and 42.072 Stalking stating, "on more than one occasion and pursuant to the same scheme or course of conduct."

- Title VII as amended (1972) giving the Authority to Conduct (EEOC.GOV-Right to Sue Allowing the employee to move forward) Jan 06,2021 Filed timely and Plaintiff does request this amended complaint be submitted with the" Continuing Action". • See: Morgan,536 US 101 (2002) Continuing Violation / Significance of the decision for employers.

- See DOL.GOV: Section 1983, EEOC-ADEA of 1967,29USC 6310 and Section 115. Title 1, Title II Federal Programs/Contractors) and Title V. Also see: The Rehabilitation Act of 1973, (section 503,504) and amended in 1974" expansion of the definition" and Rehab act of 1990, "Public and Private." Plaintiff makes note with the courts, that Plaintiff were relocated (or driving assigned) to different areas for work while Defendant claiming to be accommodating the Plaintiff before July 1,2019

- See: First Amendment- "and to petition the Government for a redress of grievances. "to provide assistance and/or a logical prudent person a remedy of 1.5 to 1.8 years of "Workplace Harassment" or "Stalking." Which can only be defined as retaliatory acts within the workplace and continuing unwelcomed into the personal life of the plaintiff for over 1.5 years. See Stalking: 18 USC 2261A

- Please see: 106 C.M.R 703.191 (A) Also see: Violations of the Fourteenth Amendment, "equal protection under the laws" and "Discrimination on the basis of disabilities." See also: Ingraham v Wright "a right to be free from and to obtain judicial relief." And ADAAA OF 1990" Protects individuals with disabilities from discrimination in the workplace." See DOL.GOV, Disability defined "an impairment that substantially limits one or more life activities, a record of such impairment, or being regarded as having such an impairment." Also see: ADA/GINA (EEOC.GOV) ADA, Rehabilitation Act,29 CFR Part 1630, "Applying Performance and Conduct Standards to Employees with Disabilities. Plaintiff states to be given more than two different reasons for being terminated on two separate occasions as mentioned (June 26,2019 and July 01,2019) Also see: 42 USC 790, Also Section 12101, and Section 503/Referencing 42 USC 1981- Overview of the EEO Law Title VII, ADEA, ADA. (Article reference)

- Injury: In Fact suffered in 1993 and again in March of 2019, Plaintiff disable from 1993 of record.

## III. REMEDY

Therefore, if it please the court, the Defendant should remedy those damages and take nothing. These damages be remedy to the Plaintiff as Pro Se within this court process and does asks the court for FULL remedy of $300,000.00 unless the court sees otherwise. Plaintiff does pray upon the court for relief and full remedy.

## IV. FINAL STATEMENT

Mr. Marusak, Pro Se plaintiff is in 2021, within a Work Comp case and has been since 2019 against the Defendant. The plaintiff and has again filed a complaint before this court with the proper approval of the Investigating Federal agency (2019-1-2021) which began at a State level (2019-2020-2021) in or around March 20 of 2019. The plaintiff had been demoted (4/5-2019) by the Defendant addressing his inability while once again injured. (04/2019-06/2019)Then Defendant repeatedly inquires of his condition assign the Plaintiff to Federal contract jobs within the state and "Disabled." (03/2019-12/2019) Defendant only ignored the facts of the Plaintiff suffering an additional" Injury" and failing to report this injury to be met with coercion, Plaintiff addresses his situation as it were not taken into consideration and that he was impaired by Law (1993) by all legal standards. (March -May2019) Plaintiff does state prior to demotion, he DID pass all required tests, written tests, physicals and held special licensing with contractor licensing affiliated with his job placement prior to demotion. Since taking employment with Sema on Federal contract jobs, Plaintiff has also suffered an" Injury" (03/06/19) which further labels him as disabled/impaired beyond the historical scope he is accustomed to. (2019-2021) Plaintiff has suffered thru ADA AND ADEA, Title I, V violations only to be further criticized aside from the other areas of unknown law and these still remain to be defined as violations and exterior of the Plaintiff's expertise. (2019-2021) These areas do involve other violations applying to the First and Fourteenth Amendments and Rehabilitation Acts as mentioned previously. These also creating a negative effect directed only at the life and Liberties of the Plaintiff for over 1.8 years now. (10/2020) Adding that the Defendant did cause a Breach of Personal information that which does need to be addressed by the court. By harassing the Plaintiff since he was terminated, Plaintiff sees no other reason other than to interrupt the plaintiff's postemployment life after creating a hostile work environment for just the Plaintiff to experience with the knowledge of decision makers. Plaintiff has and shall providing truthful statements along with material evidence showing the act of stalking (Retaliatory) has occurred since being removed from Defendant property on July,01 of 2019. I, Plaintiff Pro Se Chad Marusak has written down this information to amend his complaint after further research and guidance.

Respectfully Submitted

*[signature]*

05-7-2021



Texas Department of Insurance
Division of Workers' Compensation
7551 Metro Center Dr., Ste 100
Austin, TX 78744-1645

05/22/2019

RECEIVED
FO&L MARK MOORE
MAY 22 2019

To: Arch Indemnity Insurance Co
300 Plaza Three
Jersey City, NJ 07311-1107

Box Nbr: 19

## RE: NOTICE TO CARRIER OF INJURY

| | |
|---|---|
| Injured Employee: | CHAD MARUSAK |
| DWC No. | 19242961-FW |
| Date of Injury: | 03/06/2019 |
| Employer Name: | Sema Construction Inc |
| Carrier Name: | Arch Indemnity Insurance Co |

The Texas Department of Insurance, Division of Workers' Compensation (Division) has received notice of an injury to the above-referenced employee.

Carrier, please submit the first report of injury to the Division electronically.

Injured employees are encouraged to contact the carrier referenced above regarding the status of their claim.

Sincerely,

Texas Department of Insurance, Division of Workers' Compensation

CC:
CHAD MARUSAK
Po Box 635
Boyd, TX 76023-0635

RECEIVED

MAY 23 2019

FOL DATA DEPT.

00092

## Wise Health System Decatur
### 609 Medical Center Drive, Decatur, Texas, United States 762343836
### ED Triage Aware Note

**MARUSAK, CHAD**

| | | | |
|---|---|---|---|
| MR#: | Gender: Male | Admit Date: | 08/20/2019 01:44 |
| Visit#: | DOB: | Discharge Date: | 08/20/2019 03:45 |
| DR: | Age: | Service: | Dec Emergency Room |

08/20/2019 01:48                    Clark, Jamie (RN)                    Complete

**Complete Triage:**
**Chart Review:**
**CHIEF COMPLAINT**
CHAD MARUSAK is a Male patient with a chief complaint of knee pain/injury.
**Onset of the Complaint:** 03-07-2019
**Chief Complaint Quote:** pt was seen on March 7 for knee pain/injury. pt is unable to follow up with referral due to pt being a workman comp claim. pt states knee has started swelling again in the last 2 days.
**Historian:** patient
**Triage Time:** 08-20-2019 01:48
**Acuity:** 4
**Pain:** 4 on a scale of 0-10
**Vital Signs:**

[redacted]

**Symptoms Are POSITIVE For:**
difficulty bending and pain (describe).
**Symptoms Are Negative For:**
abrasion, bleeding, bruising, deformity, difficulty walking, numbness, decreased ROM and tingling.

**ESI TRIAGE**
CHAD was triaged according to the ESI Triage Algorithm.
**ESI Acuity:** 4

**PAIN**
**Pain Scale Used:** Numbers using Avatar
**Pain Details:**
    Pain Score: 4 out of 10 on the right anterior knee.

Report Create Date/Time: 08/21/19 01:34 AM                    Page:

MARUSAK, CHAD (id #13403, dob: ▮▮▮▮)

### Social History

Social History not reviewed (last reviewed 11/26/2019)
Tobacco Smoking Status: Current every day smoker
Most Recent Tobacco Use Screening: 11/26/2019

### HPI

▮▮▮ Male in today for a follow up on MRI results and needs paperwork for an orthopedics specialist

### ROS

ROS as noted in the HPI

### Physical Exam

Patient is a ▮▮▮-old male.

**Constitutional:** General Appearance: healthy-appearing, well-developed, and **obese**. Level of Distress: NAD. Ambulation: **limited ambulation.**

**Psychiatric:** Mental Status: normal mood and affect and active and alert. Orientation: to time, place, and person.

**Lungs:** Respiratory effort: no dyspnea. Auscultation: no wheezing, rales/crackles, or rhonchi and breath sounds normal and good air-movement.

**Cardiovascular:** Apical Impulse: not displaced. Heart Auscultation: normal S1 and S2; no murmurs, rubs, or gallops; and RRR.

**Rectal:** Anus, Perineum, Rectum: no hemorrhoids, fissures, or masses and normal tone and stool heme negative.

**Musculoskeletal::** Joints, Bones, and Muscles: **tenderness** and **limited ROM (right knee).**

### Assessment / Plan

1. **Tear of meniscus of knee** - Right
   S83.206A: Unspecified tear of unspecified meniscus, current injury, right knee, initial encounter
   - ORTHOPEDIC SURGERY REFERRAL -   Schedule Within: provider's discretion
   - diclofenac 1 % topical gel - APPLY 2 GRAMS TO THE AFFECTED AREA(S) BY TOPICAL ROUTE 4 TIMES PER DAY
     Qty: 1 100 gm tube(s)   Refills: 0   Pharmacy: WALMART PHARMACY 353

### Patient Instructions

Will refer to ortho for meniscus tear.

### Discussion Notes

Continued work restrictions due to right knee injury, however, patient unable to return to work as a truck driver with current restrictions.

### Return to Office

None recorded.

### Encounter Sign-Off

Encounter signed-off by Kari Bullard, NP, 01/30/2020.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, NP
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 01/30/2020 at 12:12pm

00129



# THRIVE! Physical Therapy

519 Elm Street, Graham, TX 76450
940-521-0800, Fax 940-521-0801

## Evaluation Summary / Plan Of Care

Report Generation Date: 3/23/2020

| | | | |
|---|---|---|---|
| **Patient Name:** | Chad Marusak | **Date Seen:** | 3/23/2020 |
| **Referring Physician:** | ~~John Ribeiro, MD~~ | **Patient ID:** | 740 |
| **Diagnosis:** | M25.561   Pain in right knee | **Date of Birth:** | |

### Subjective:

Specific Injury: Patient was working on the back of a bulldozer - stepped up and twisted knee. He had an immediate loss of ability to walk because the leg kept cramping up. He was told to try to finish the day, he had much difficulty. After driving home, he had difficulty walking when he got out of his truck. The next morning he went to the ER - they X rayed his knee and told him to be off for the day, but his boss made him work. He was given an injection and a prescription of 1200 mg of Ibuprofen. The company wouldn't report the injury to the insurance so he continued to work with pain for several weeks. He was fired in July. August 21 he returned to the ER - drained the knee and it felt a little better. He continued to have issues with insurance. He finally got sent to urgent care and they got an MRI. He was sent to Dr. Ribeiro, who referred patient to physical therapy.
Onset Date: 3-6-19
Chief Complaint: Pain in the right knee. It gets tight over the top of his knee. He has a short window of tolerance when he walks then he can't walk for awhile. He has been unable to mow his grass or walk his dog. The pain disturbs his sleep.

### Pain History

| Area | Current | Best | Worst |
|---|---|---|---|
| Right knee | 8/10 | 3-4/10 | 10/10 |

### Functional Status:

| Functional Activity | Status |
|---|---|
| Walk | Severe Limitation |
| Stairs | Severe Limitation |
| Running | Unable to Perform |
| Recreational Activities | Unable to Perform |
| Lifting | Severe Limitation |
| Dressing | Moderate Limitation |

### Objective:
**Observation**

Patient ambulates with mildly antalgic gait on right.

### Knee - Active Range Of Motion

| Motion | Right | Left |
|---|---|---|
| Flexion | 92 Degrees | 136 Degrees |
| Extension | -10 Degrees | -4 Degrees |

### Knee - Passive Range Of Motion

| Measurement | Right | Left |
|---|---|---|
| Flexion | 98 Degrees | 142 Degrees |
| Extension | -8 Degrees | 0 Degrees |

### Knee - Girth

| Measurement | Right | Left |
|---|---|---|
| 6 cm superior | 47.6 cm | 45 cm |
| Joint line | 43.1 cm | 38.8 cm |

Plan Of Care Style 1 (3/23/2020) - Marusak, Ch
Pag