IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAD MARUSAK §<br>§<br>Plaintiff §<br>§<br>vs. §<br>§<br>SEMA CONSTRUCTION, INC. §<br>§<br>Defendant §<br>§ | CIVIL ACTION NO.<br>4:21-cv-475-P |

**DEFENDANT'S FIRST AMENDED RULE 12 MOTION TO DISMISS, ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT AND ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT SUBJECT THERETO**

TO THE UNITED STATES DISTRICT COURT:

Defendant SEMA CONSTRUCTION, INC. ("SEMA" or "Defendant") files this First Amended Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, in the Alternative, 12(e) Motion for a More Definite Statement, and Answer to Plaintiff's First Amended Complaint (Document 14) Subject Thereto, and, in support thereof, respectfully shows this Court as follows:

### I.   PRELIMINARY STATEMENT

In response to Plaintiff's First Amended Complaint, Defendant again asserts both a Rule 12(b)(6) Motion to Dismiss, and in the alternative, Rule 12(e) Motion for More Definite Statement. Such Motions have been modified to address the factual allegations contained in Plaintiff's First Amended Complaint. However, to the extent this Court believes such issues have already been resolved through previous rulings, please disregard such Motions.

## II.     NATURE OF THE ACTION

Plaintiff Chad Marusak filed the instant First Amended Complaint *pro se* alleging age discrimination and harassment and discrimination and harassment based on a disability in violation of Title VII, the Americans with Disabilities Act, the Age Discrimination Employment Act, the Rehabilitation Act, First and/or Fourteenth Amendment of the United States Constitution, and Texas Code. Plaintiff alleges to seek a "FULL remedy" of $300,000.00 "unless the [C]ourt sees otherwise."

## III.     ASSERTED FACTS

Construed most favorably to Plaintiff, the assertions of facts in Plaintiff's Complaint appear to be as follows:

1. On or about March 6, 2019, Plaintiff allegedly injured his knee, causing him mobility issues.

2. At an unidentified time, an unidentified, an alleged, apparent employee of Defendant stated to Plaintiff "you can't do your job."

3. Plaintiff was allegedly demoted and his job was given to a younger, new hire of Defendant.

4. On June 26, 2019, Plaintiff's employment with Defendant is terminated.

5. From July 1, 2019 through January of 2021, Plaintiff allegedly receives harassing communications from an unidentified, apparent employee of Defendant when Plaintiff inquired about his last pay stub.

6. Defendant refused to provide Plaintiff personal information and blocked Plaintiff from accessing his personal information.

7. Plaintiff alleges stalking and harassment from Defendant up and until October of 2020.

8. An alleged apology was issued to Plaintiff by an attorney for Defendant after receipt of an allegedly harassing text from Defendant.

9. In September and October of 2020, Defendant suffered a data breach and notified Plaintiff of such breach.

### IV.   12(B)(6) MOTION ARGUMENTS AND AUTHORITIES

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff show that he is entitled to relief by explaining how alleged facts give rise to his claims. FED. R. CIV. P. 8(a). Even though *pro se* complaints are to be liberally construed, even such complaints must set forth well-plead facts giving rise to a claim. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court must dismiss a compliant when a plaintiff's allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A plaintiff's complaint must contain specific, well-pleaded facts, not mere conclusory allegations, in order to avoid dismissal pursuant to Rule 12(b)(6). *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). In ruling on a 12(b)(6) dismissal motion, a court may not look beyond the face of the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Plaintiff's Amended Complaint provides a collection of seemingly unconnected premises related to an injury, his relationship with his employer, and a data breach experienced by Defendant. Plaintiff completely fails to explain or show how these premises connect to state a claim for age discrimination or discrimination related to an injury under Title VII of the Civil Rights Act of 1964, and Plaintiff completely fails to describe the factual basis for any such claims. Merely providing conclusory allegations or listing legal terms and statutes—as Plaintiff has done

in the instant Amended Complaint— is insufficient to survive a 12(b)(6) dismissal motion. *See Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Accordingly, this Court should dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

## V. IN THE ALTERNATIVE, 12(E) MOTION ARGUMENTS AND AUTHORITIES

To the extent Plaintiff's Amended Complaint is not dismissed in its entirety, Defendant moves under Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of any remaining claims. A 12(e) motion is proper when the complaint is vague or ambiguous or does not contain sufficient information to frame a response. *Beanal v. Freeport-McMoran, Inc*., 197 F.3d 161, 164 (5th Cir. 1999). Here, to the extent Plaintiff's claims are not dismissed in their entirety, Plaintiff should be required to provide a more definite statement with respect to his vague and ambiguous claims so that Plaintiff can properly frame an answer and response to such claims.

## VI. FIRST AMENDED ANSWER

**(i)   Statement of Facts**

1. Defendant denies the allegations contained in Plaintiff's Statement of Facts portion of the Complaint, including that Defendant committed any discriminatory, retaliatory, or harassing conduct, or that Defendant has violated Plaintiff's First or Fourteenth Amendment rights.

2. Defendant admits Plaintiff was offered a position with Defendant on or about February 12, 2019. Plaintiff denies the remaining allegations contained in the first paragraph of Plaintiff's Amended Complaint, including allegations related to Plaintiff's disclosure and discussion with Defendant of previous injuries.

3. Defendant admits that Plaintiff worked for Defendant. Defendant denies the allegation that Plaintiff completed all necessary licensing and certification requirements for all State and Federal jobs contracted to Defendant.

4. Defendant admits that Plaintiff alleges that he suffered an injury on or about March 6, 2019, but Defendant is without sufficient information to independently verify whether Plaintiff, in fact, suffered such injury or the extent of such injury. Accordingly, Defendant denies all of Plaintiff's allegations related to the degree and kind of injury suffered by Plaintiff on or about March 6, 2019.

5. Defendant denies the allegation that Plaintiff was demoted.

6. Defendant denies the allegation that Plaintiff was told by Defendant that he could not perform his job.

7. Defendant denies the allegation that Defendant regarded Plaintiff as having an injury which caused difficulty with life functions, which Plaintiff specifically details as walking, driving, climbing, standing, sitting, bending, showering, dressing, and working on any project or task.

8. Defendant denies the allegations that Defendant replaced Plaintiff in his job position based on any discriminatory, retaliatory, or harassing reason.

9. Defendant denies the allegations that Plaintiff suffered and/or has an impairment rating and/or record.

10. Defendant denies the allegation that Defendant sent criticizing, patronizing, harassing, or stalking communications to Plaintiff.

11. Defendant denies Plaintiff allegation.

12. Defendant denies the allegation that Defendant violated Plaintiff's First and/or Fourteenth Amendment rights.

13. Defendant denies the allegation that Plaintiff has exhausted his administrative remedies.

14. Defendant denies the allegation that Plaintiff has obtained proper "Right to Sue" authorization from EEOC for all allegations and causes of action made subject of this suit.

15. Defendant denies the allegation that Defendant breached Plaintiff's personal information.

16. Defendant denies the allegation that Defendant interfered with Plaintiff's access to Plaintiff's personal information.

17. Defendant denies the allegation that Defendant harassed Plaintiff.

18. Defendant denies the allegation the Defendant stalked Plaintiff.

19. Defendant denies the allegation that Defendant subjected Plaintiff to a hostile work environment.

20. Defendant denies the allegation that Defendant communicated with Plaintiff against Plaintiff's wishes, electronically or otherwise, including, but not limited to, unwanted, sarcastic, or belittling communications.

21. Defendant denies the allegation that Defendant withheld Plaintiff's final pay stub.

22. Defendant denies the allegation that Defendant modified Plaintiff's final pay stub.

23. Defendant denies any actions alleged by Plaintiff in violation of any applicable law, including, but not limited to: (1) Title VII or any iteration thereof, amendment thereof, or related statute; (2) the Americans with Disabilities Act or any iteration thereof, amendment thereof, or related statute; (3) the Age Discrimination Employment Act or any iteration thereof, amendment

thereof, or related statute; (4) the Rehabilitation Act or any iteration thereof, amendment thereof, or related statute; and (5) the United States Constitution or any amendment thereof, including the First and/or Fourteenth Amendment.

24. Defendant denies Plaintiff's allegations related to the knowledge and/or conduct of Defendant's counsel.

**(ii)** **Causes of Action**

Defendant denies the allegations contained in Plaintiff's Causes of Action portion of the Complaint, including that Defendant is entitled to any relief.

Defendant denies the allegations in Plaintiff's Causes of Action section relating to Defendant's violation of any applicable law, including, but not limited to: (1) Title VII or any iteration thereof, amendment thereof, or related statute; (2) the Americans with Disabilities Act or any iteration thereof, amendment thereof, or related statute; (3) the Age Discrimination Employment Act or any iteration thereof, amendment thereof, or related statute; (4) the Rehabilitation Act or any iteration thereof, amendment thereof, or related statute; (5) the United States Constitution or any amendment thereof, including the First and/or Fourteenth Amendment; and Texas Code or any iteration thereof, amendment thereof, or related statute.

**(iii)** **Remedy**

Defendant denies the allegations contained in the Remedy section of Plaintiff's Amended Complaint, including, but not limited to, the allegation that Plaintiff is entitled to monetary relief.

**(iv)** **Final Statement**

Defendant denies the allegations contained in the Final Statement section of Plaintiff's Amended Complaint, including, but not limited to, Plaintiff's allegations related to Plaintiff's injuries and/or medical history.

**(v)      Affirmative Defenses**

1. By pleading the following defenses, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant does not concede that it possesses or assumes the burden to prove each or any of these defenses. Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Complaint.

2. Plaintiff has failed to timely file suit and some or all of his claims are barred by the applicable statue of limitations.

3. Plaintiff has failed to exhaust administrative remedies for some or all of his claims.

4. Plaintiff has not obtained a right to sue from the EEOC based on a filed charge of discrimination for some of all of his claims.

5. Plaintiff's allegations and claims exceed the scope of the allegations in the charge of discrimination.

6. Plaintiff has failed to timely file suit and some or all of his claims are barred by EEOC and Federal guidelines.

7. Plaintiff's allegations and claims are barred by the doctrine of issue preclusion as they are already the subject of an active, pending United States Department of Labor Office of Administrative Law case.

8. Plaintiff's allegations and claims are barred by the doctrine of claim preclusion as they are already the subject of an active, pending United States Department of Labor Office of Administrative Law case.

9. The decisions Plaintiff challenges were based upon reasonable business factors other than unlawful discrimination.

10. Plaintiff fails to state a prima facie case under any of the claims or causes of action he asserts, in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and/or action on the part of Defendant concerning Plaintiff were wholly based upon legitimate, non-discriminatory and/or non-retaliatory reasons.

11. Defendant denies Plaintiff is entitled to recover any damages or other relief.

12. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

13. Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into matters alleged.

## VII.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, SEMA Construction, Inc. prays that Plaintiff take and recover nothing by his action herein, that SEMA recover its costs, and for such further relief both at law and in equity to which SEMA may show itself to be justly entitled.

Respectfully submitted,

/s/ Daniel R. McCabe
Daniel R. McCabe
State Bar No. 00794253
dmccabe@canterburylaw.com
Derek J. Kammerlocher
State Bar No. 24097915
dkammerlocher@canterburylaw.com

CANTERBURY, PC

4851 LBJ Freeway, Suite 301
Dallas, Texas 75244
Telephone: 972.239.7493
Facsimile:  972.490.7739

ATTORNEYS FOR DEFENDANT SEMA CONSTRUCTION, INC.

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 24th day of May, 2021, a true and correct copy of the foregoing was served on the following via e-mail:

Chad Marusak
404 N. Ave. F
Olney, Texas 76374
Transportationwithcm@gmail.com

                                    */s/ Daniel R. McCabe*
                                    Daniel R. McCabe