IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHAD LEE MARUSAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00475-P-BP |
| | § | (Consolidated with Civil Action No. 4:21- |
| SEMA CONSTRUCTION, INC., | § | cv-00646-P-BP) |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's First Amended Rule 12 Motion to Dismiss, Alternative Motion for a More Definite Statement ("Motion") (ECF No. 24) and the response to the Motion filed by *pro se* Plaintiff Chad Lee Marusak ("Marusak"). ECF No. 27. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** the Motion **in part** and **DENY** it **in part**.

**I.   BACKGROUND**

Marusak sues Defendant Sema Construction, Inc. ("Sema") in two related lawsuits, which the Court consolidated under Federal Rule of Civil Procedure 42(a). *Marusak v. Sema Constr., Inc.*, No. 4:21-cv-646-P, 2021 WL 5630845 (N.D. Tex. Nov. 30, 2021). At issue is the Motion, which Sema filed in the first lawsuit before the Court's consolidation order. ECF No. 24. The Motion asserts that Marusak's Amended Complaint (ECF No. 14, the live pleading from the first lawsuit) should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it "fail[s] to state a claim upon which relief can be granted" or, alternatively, that Marusak "should be required to provide a more definite statement" under Federal Rule of Civil Procedure 12(e) because his Amended Complaint asserts "vague and ambiguous claims." ECF No. 24 at 3-4.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Motions to dismiss under rule 12(b)(6) are disfavored and rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Federal courts prefer deciding cases on their merits rather than their pleadings. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Further, a "pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See also Beanal*, 197 F.3d at 164. While Rule 12(e) motions are also disfavored, they serve to remedy unintelligible pleadings. *Coleman v. Bank of New York Mellon*, No. 3:12-cv-04783-M-BH, 2013 WL 11826530, at *3 (N.D. Tex. Aug. 6, 2013). The Court enjoys "sound discretion" in determining whether to grant a Rule 12(e) motion. *Id.*

## III. ANALYSIS

The Court should exercise its discretion in ordering Marusak to file an amended complaint containing a more definite statement of his claims. Marusak's Amended Complaint (ECF No. 14) does not comply with the Federal Rules of Civil Procedure. It lacks "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2), and it does

not "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Rule 10(b).

Instead, the Amended Complaint features long, unnumbered, and single-spaced paragraphs, with many paragraphs containing multiple sets of factual circumstances. *See* ECF No. 14. Scattered throughout are citations to various federal and state laws and constitutional provisions under which Marusak asserts his claims. *Id.* But it is unclear whether each claim would support a civil cause of action in federal court, as Marusak does not outline the elements for, or identify which facts correspond with, each claim. *See id.*; *Beanal*, 197 F.3d at 164 ("Pursuant to Rule 8(a), a complaint will be deemed inadequate . . . if it fails to . . . set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.").

Also missing is "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1). Plaintiff's original complaint suggested the Court had federal question and diversity jurisdiction (ECF No. 1 at 3-4), while the Amended Complaint does not mention jurisdiction at all. ECF No. 14; *see McClellan v. Hinojosa*, No. 3:10-cv-1089-B, 2010 WL 4520978, at *2 & n.1 (N.D. Tex. Nov. 9, 2010) (denying defendant's Rule 12(b)(6) motion but granting defendant's alternative Rule 12(e) motion where *pro se* plaintiff's complaint left the court's jurisdictional basis unclear).

Permitting Marusak to file an amended complaint that corrects these deficiencies would comport with the "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The undersigned thus finds Defendant's Alternative Motion for a More Definite Statement should be granted while the Motion to Dismiss should be denied, again noting that Rule 12(b)(6) motions are disfavored. *See Beanal*,

197 F.3d at 164. Marusak should file an amended complaint with attention to the deficiencies discussed above and the three-step drafting guide outlined in *Flynn v. CIT Group/Consumer Finance, Inc.*, No. 3:06-cv-2280-N, 2007 WL 9717493, at *2 (N.D. Tex. Mar. 20, 2007) (similarly granting alternative motion for more definite statement and denying motion to dismiss). His amended complaint should do the following for each claim he asserts: "(1) allege factually what [he] claim[s] [Defendant] did that was wrong; (2) allege why that action entitles [him] to relief, such as: the action violated paragraph X of [a contract] or violated XX U.S.C. §§ Y.YYY(a); and (3) explain how [he was] damaged by that violation." *Id.*

## IV.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion (ECF No. 24) be partially granted and denied. Judge Pittman should **DENY** the Motion to Dismiss, but **GRANT** the Alternative Motion for a More Definite Statement. The undersigned further **RECOMMENDS** that Marusak be given thirty days to file an amended complaint containing a more definite statement of his claims, consistent with the discussion above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 28, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE