**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHAD LEE MARUSAK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-00475-P-BP** |
| | § | **(Consolidated with Civil Action No. 4:21-** |
| **SEMA CONSTRUCTION, INC.,** | § | **cv-00646-P-BP)** |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO Motion"), filed April 7, 2021. ECF No. 8. After considering the TRO Motion and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** the TRO Motion.

The TRO Motion requests the Court restrain Defendant from harassing Marusak. ECF No. 8 at 1. To obtain a temporary restraining order, the movant must show the following elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the [temporary restraining order] will not disserve the public interest." *Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015). A temporary restraining order is an "extraordinary remedy," and the party seeking the order must clearly carry the burden of persuasion on each element to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff, as the movant, does not clearly persuade the Court he faces a substantial threat of irreparable harm such that Court should grant him the extraordinary remedy that is a temporary restraining order. The TRO Motion alleges several incidents of Defendant's harassment that

purportedly occurred in 2019 and 2020, and it attaches exhibits in support that also date back to 2019 and 2020. ECF Nos. 8 to 8-2. Because Plaintiff does not allege Defendant's harassment is ongoing in 2021 or that it is likely to occur in the future, the undersigned is not convinced Marusak faces a substantial threat of irreparable harm. *See Texas*, 95 F. Supp. 3d at 973. The TRO Motion also does not address the other required elements. *See* ECF No. 8. Accordingly, Judge Pittman should **DENY** the TRO Motion (ECF No. 8).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 29, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE