UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHAD LEE MARUSAK,

   Plaintiff,

v.

No. 4:21-cv-0475-P
(Consolidated with
No. 4:21-cv-0646-P)

SEMA CONSTURCTION, INC.,

   Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 79. Plaintiff filed a timely Objection. *See* ECF Nos. 80, 82. The Court therefore conducted a *de novo* review of the FCR. Because Plaintiff's Objection is without merit, the Court accepts the FCR as the Findings and Conclusions of the Court and dismisses the case.

### BACKGROUND

Defendant Sema Construction hired Plaintiff Chad Marusak in February 2019. About a month into his new job, however, Marusak suffered a "right knee injury later establishing him as disabled by whole body mass report of (4%) four percent." ECF No. 63 at 3. As a result of this injury, Marusak alleges that he "suffered months of demotions, endless harassment" and "willful retaliation" by Sema Construction. *Id.* Marusak's employment was then terminated in July 2019. *Id.*

On March 31, 2021, Marusak filed his first complaint. *See Marusak v. Sema Construction, Inc.*, No. 4:21-cv-475-P. Roughly 6 weeks later, he filed another complaint under a different case number. *See Marusak v. Sema Construction, Inc.*, No. 4:21-cv-646-P. Because the two cases were related, they were consolidated and referred to the Magistrate Judge.

On January 24, 2022, Marusak filed a Second Amended Complaint (ECF No. 63), and Sema Construction filed its Motion to Dismiss (ECF No. 68). After considering the briefing, the Magistrate Judge recommended that case be dismissed. ECF No. 79. The Magistrate Judge's FCR is thus ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss complaints when they fail "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Cop. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true; and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

Marusak asserts a general objection to the Magistrate Judge's FCR. Specifically, Marusak maintains that the Magistrate Judge overlooked the evidence in the record establishing he has "suffered numerous non-transitory and disabling injur[ies] lasting now thirty years." ECF No. 80 at 2. Marusak's objection, however, is without merit.

To start, Marusak alleges that Sema Construction violated four statutes: Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA") and its amendments; the Age Discrimination in Employment Act ("ADEA"); and Section 503 of the Rehabilitation Act. Three of these statutes—Title VII, the ADA,

and the ADEA—have a causation requirement. Therefore, to successfully allege a claim under Title VII, the ADA, or the ADEA, plaintiffs must plead enough facts to establish causation. Here, Marusak was thus required to plead facts alleging that an adverse employment action was taken *because of* a protected activity or protected classification (e.g., age or disability).

On this point, the Magistrate Judge concluded that Marusak failed to plead sufficient facts alleging a causal link between an adverse employment action and his disability, his age, or a protected activity.[1] *See* ECF No. 79. Absent these necessary factual allegations, the Magistrate Judge concluded that Marusak failed to establish the prima facie case for each of his claims. *Id.* More to the point, the Magistrate Judge never questioned Marusak's disability status, which appears to be the only basis for Marusak's objections. *See generally* ECF Nos. 80, 82. Accordingly, because the Magistrate Judge's FCR accepted Marusak's allegations regarding his disability, and his claims failed because of his failure to allege facts linking his protected activities or classifications to an adverse employment action, any specific objection regarding Marusak's disability status cannot change the outcome.[2]

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, Plaintiff's Objection, the record, and the applicable law, the Court concludes that Plaintiff Chad Marusak failed to state a claim for relief.

The Court therefore **ADOPTS** the reasoning in the Magistrate

---

[1] To the extent that Marusak points to facts outside of the Complaint to establish a causal link, the Fifth Circuit is clear: factual allegations cited in a response or objection that are not in the petition or complaint are not properly before the Court. *See, e.g.*, *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007) (noting that the "inquiry focuses on the allegations in the pleadings"). Accordingly, any conclusory allegations regarding harassment or willful discrimination that are not in the Complaint are not properly before the Court. *See also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D. N.Y. 1992) (holding recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple").

[2] Marusak does not appear to challenge the FCR to the extent that it dismisses his Rehabilitation Act claim. Accordingly, the Court concludes that the Magistrate Judge did not clearly err to the extent that the FCR dismisses this claim. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Judge's FCR as the Findings and Conclusions of the Court and **OVERRULES** Plaintiff's Objection. Accordingly, it is **ORDERED** that this case should be, and is hereby, **DISMISSED.**

    **SO ORDERED** on this **20th day** of **April, 2022.**

*[signature]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4